# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**STEVEN C. MANNION**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07102
(973) 645-3827

October 11, 2017

### LETTER ORDER-OPINION

Re: Michaels v. Rutgers Univ., et al.
Civil Action No. 15cv7603 (JLL)(SCM)

Dear Counsel:

Before this Court are informal discovery motions filed via joint dispute letter on September 28, 2017.[1] Plaintiff Dr. Jennifer Michaels ("Dr. Michaels") seeks to compel further responses to her document requests 6, 9, 10, 11 - 13, 20 – 72, 75 and interrogatories 6, 12, 13, 17 and 18. Defendants seek to compel releases for employment records, tax returns, administrative records, medical records and further responses to document requests 40, 41, and 42. The Court has reviewed the parties' submissions and heard oral argument on October 4, 2017. For the reasons set forth on the record and herein, the informal motions are GRANTED in part and DENIED in part.

Dr. Michaels brings this employment discrimination action against her former employer, Rutgers University, and Defendant Dr. Barry Levin, the Interim Chair of the Department of

---

[1] (ECF Docket Entry No. ("D.E.") 48). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

Neurology at the University of Medicine and Dentistry of New Jersey ("UMDNJ"), which merged with Rutgers in 2013.[2] Dr. Michaels was the most senior member of the clinical faculty in the Department of Neurology with regard to length of service at the time of her termination. Dr. Michaels alleges that, beginning in 2012 when Dr. Levin was appointed Interim Chair, Dr. Michaels was assigned tasks and resources commensurate to those of interns and residents, and not senior members of the clinical faculty. She also alleges that she was harassed for taking intermittent family medical leave to care for her daughter, in violation of the Family Medical Leave Act. Dr. Michaels also alleges claims of discrimination and retaliation in violation of the Family Medical Leave Act, Age Discrimination in Employment Act, and New Jersey Law Against Discrimination.

The Court issued a bench opinion regarding the instant discovery dispute on the record on October 4, 2017. This letter opinion serves to supplement the record with regard to the untimely nature of several discovery requests that were denied.

I. **DISCUSSION AND ANALYSIS**

   A. Discovery Dispute Protocol

The Federal Rules of Civil Procedure must be construed by the Court and the parties to secure "the just, speedy, and inexpensive determination of every action and proceeding."[3] A prerequisite to the filing of any discovery motion is that the movant certify their efforts to confer or attempt to confer in good faith to resolve the issue without court action.[4] Our Local Rules

---

[2] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[3] Fed. R. Civ. P. 1.

[4] Fed. R. Civ. P. 37(a)(1).

2

further prescribe that counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[5]

If there are discovery deficiencies, it is incumbent upon the requestor to review the adequacy of adversary's productions, timely identify any deficiencies to counsel, meet and confer, and raise the dispute to the Court. Where this is not done, the deficiencies are waived.[6] So, upon reaching an impasse after meeting and conferring over a discovery dispute, counsel shall present the dispute "by telephone conference call or letter to the Magistrate Judge."[7] The "Court is not dictating a rigid formulation as to when a party must object to a document production. Reasonableness is the touchstone principle as it is with most discovery obligations."[8]

A Court's pretrial order "controls the course of the action unless the court modifies it."[9] This is because the Court maintains control over the schedule to expedite disposition of the action and to discourage wasteful pretrial activities.[10] The Supplemental Scheduling Order entered on April 17, 2017 stated as follows:

> No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court. Counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention. L.Civ.R. 37.1(a). Should informal efforts fail within 10 days of the occurrence of the dispute, the dispute shall immediately be brought to the Magistrate Judge's attention via a **joint dispute letter** filed on ECF not to exceed 6 pages that sets forth: (a) the request; (b) the

---

[5] L. Civ. R. 37.1(a)(1).

[6] *Ford Motor Co. v. Edgewood Properties*, 257 F.R.D. 418, 421, 426 (D.N.J. 2009).

[7] *Id.*

[8] *Id.*

[9] Fed. R. Civ. P. 16(d).

[10] Fed. R. Civ. P. 16(a).

3

response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believe the response is sufficient. Courtesy copies of exhibits should be mailed to chambers. If the dispute is complex and requires the filing of briefs and affidavits, counsel may separately file and mail same on the date of their joint dispute letter. No further submissions regarding the dispute may be submitted without leave of Court. Thereafter, the Court will schedule a telephonic discovery conference pursuant to Fed. R. Civ. P. 26(f) if necessary to resolve the dispute. See L. Civ. R. 16.1(f).[11]

That Order also prescribed the fact discovery end date to expire on July 17, 2017.[12]

On June 15, 207, the Court held a telephone status conference. The Court noted the parties were behind in discovery and had only recently begun to address deficiencies, so the following text order was issued:

> Counsel shall meet and confer to narrow or resolve their discovery disputes. Whatever has not been resolved shall be memorialized in a joint dispute letter by 7/10/17. Any requests to adjourn the discovery end date shall comply with Local Civil Rule 6.1. Counsel shall appear before Judge Mannion for a status conference in Courtroom 2B on 8/1/2017 at 2:00 p.m.[13]

On July 10, 2017, the parties jointly filed a letter seeking an extension to file their joint dispute letter.[14] The letter was then filed on July 12, 2017, but it did not include the information

---

[11] (D.E. 35 at ¶ 3 (emphasis in original)). My "Judicial Preferences" prescribed the same protocol. See http://www.njd.uscourts.gov/content/steven-c-mannion

[12] (D.E. 35 at ¶ 2).

[13] (D.E. 38).

[14] (D.E. 39).

required by the Court's protocol.[15] So, upon request from the Court, the parties supplemented the letter to include Defendant Rutgers' responses to Dr. Michaels's discovery requests.[16]

The Court conferenced with counsel again on August 1, 2017, and issued a Letter Order on August 7, 2017 requiring that "The parties … meet and confer regarding any continued dispute in accordance with the Supplemental Scheduling Order."[17]

On September 28, 2017, the parties filed the pending joint dispute letter.[18] The letter itemized over 70 separate discovery disputes. Dr. Michaels' disputes concerning her interrogatory 17 and document requests 21, 31 - 34, 46 - 48, 52 - 54, and 56 – 60, 62, 68, 72, were not raised at any time prior to the discovery end date. The Court therefore finds that Dr. Michaels did not timely raise these disputes and they are therefore waived.

With regard to the remaining discovery requests, the Court's Order below further clarifies and memorializes the Court's bench opinion:

**ORDER**

**IT IS ORDERED** this 11th day of October, 2017:

**Dr. Michaels' Interrogatory Requests**

1. Dr. Michaels' interrogatory requests nos. 6 and 18 are objectionable for asking compound questions. Rule 33(a)(1) provides that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent

---

[15] (D.E. 41).

[16] (D.E. 43-1).

[17] (D.E. 44).

[18] (D.E. 48).

consistent with Rule 26(b)(1) and (2)." Consistent with these rules, the Initial Scheduling Order permitted the parties to serve 25 single question interrogatories.[19] The *Trevino* court explained that disputes concerning "discrete" subparts may actually involve subparts that "are subsumed within and related to the primary question" or those which "are compound…."[20] These requests ask compound questions. Nonetheless, Dr. Michael's motion to compel further responses is **GRANTED** in part as to copies of employee complaints of age and gender discrimination (redacting the names and personal identifiers of the complainants) against Dr. Levin received in the four (4) years prior to the non-renewal of Dr. Michaels' contract; and it is further ordered that

2. Dr. Michaels' informal motion to compel further responses to interrogatories 12 and 13 is **DENIED** in part because the requests are objectionable for asking compound questions. The motion is **GRANTED in part** subject to the terms of the Court's Discovery Confidentiality Order as to involuntary terminations of employees (redacting the terminated employee's names and personal identifiers) in the Neurology Department for the four (4) years prior to the non-renewal of Dr. Michaels' contract; and it is further ordered that

3. Dr. Michaels' informal motion to compel further responses to interrogatory 17 is **DENIED** as untimely; and it is further ordered that

**Dr. Michaels' Document Requests**

4. Dr. Michaels' informal motion to compel further responses to document request no. 6 is **GRANTED** in part as to Dr. Souayah's year of birth, disciplinary records, promotion records,

---

[19] (D.E. 25 at ¶ 2).

[20] *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614 (N.D. C.A. 2006).

and performance reviews subject to the Court's Discovery Confidentiality Order; and it is further ordered that

5. Dr. Michaels' informal motion to compel further responses to her document requests nos. 9 and 10 are **DENIED**. The requests are overly broad and Dr. Michaels has not met her burden to show that requests 9 and 10 seek relevant information; and it is further ordered that

6. Dr. Michaels' informal motion to compel a further response to her document request no. 11 is **DENIED in part**. Dr. Michaels has not met her burden to show that requests seek relevant information as to "Johnson." The request is **GRANTED** with regard to information pertaining to defendant Levin; and it is further ordered that

7. Dr. Michaels' informal motion to compel a further response to her document requests nos. 12, 22, 23, 28 through 30, 37, 38, 49, 54, 59, 60, 61, 63 through 66, 69 through 71, 75 is **GRANTED**. Defendants boilerplate objections are overruled. Defendants shall identify what responsive materials, if any, have been withheld on the basis of their objections; and it is further ordered that

8. Dr. Michaels' informal motion to compel a further response to her document requests nos. 13, 14, 69 is **GRANTED** in part as to copies of employee complaints of age and gender discrimination (redacting the names and personal identifiers of the complainants) against Dr. Levin received in the four (4) years prior to the non-renewal of Dr. Michaels' contract, and **DENIED** as to the balance of the information sought; and it is further ordered that

9. Dr. Michaels' informal motion to compel a further response to her document requests nos. 20, 40 through 45, 57, 58 is **GRANTED**. Defendants' responses indicate that there are no responsive documents and therefore must be made under oath and detail the search efforts undertaken; and it is further ordered that

10. Dr. Michaels' informal motion to compel further responses to document requests nos. 21, 31 - 34, 46 - 48, 53, 54, and 56 – 60, 62, 68, 72 is **DENIED** as untimely. Fact discovery closed on July 10, 2017 and these disputes were not raised until the September 28, 2017; and it is further ordered that

11. Dr. Michaels' informal motion to compel further responses to her document requests nos. 24, 25, 26 is **DENIED**. Dr. Michaels has not met her burden to show that the requests seek relevant information; and it is further ordered that

12. Dr. Michaels' informal motion to compel a further response to her document requests nos. 27, 67 is **GRANTED** in part subject to the Discovery Confidentiality Order as to employees of similar age and gender as Dr. Michaels in the four (4) years prior to the non-renewal of Dr. Michaels' contract, and **DENIED** as to the balance of the information sought; and it is further ordered that

13. Dr. Michaels' informal motion to compel a further response to document request nos. 61 is **DENIED**. Dr. Michaels has failed to satisfy her burden to show the responses are deficient; and it is further ordered that

14. Dr. Michaels' informal motion to compel a further response to her document request nos. 64 is **granted**. Defendants shall identify what responsive materials, if any, have been withheld on the basis of their objections; and it is further ordered that

15. Dr. Michaels' document request no. 75 is **GRANTED** in part, as described in the Court's ruling as to document request no. 6; and it is further ordered that

**Defendants' Interrogatory Requests**

16. Defendants' informal motion to compel a further response to interrogatory No. 5 was withdrawn at oral argument by Defendants, who stated on the record that they mistakenly requested the incorrect interrogatory; and it is further ordered that

17. Defendants' motion to compel Dr. Michaels to sign medical authorizations is **GRANTED**. Rule 26(b) allows "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party…." Where a plaintiff merely alleges "garden variety" emotional distress, i.e., claims of embarrassment, humiliation, and/or mental anguish, and does not allege a specific psychiatric injury or disorder, or unusually severe distress, that plaintiff has not placed his/her medical or mental condition at issue to justify a waiver of privilege.[21] However, Dr. Michaels claims that she treated with a dermatologist because "her hair fell out due to stress,"[22] and at oral argument, her counsel stated the intention to elicit testimony from Dr. Michaels and her friends about their observations how the stress impacted her. Even if Dr. Michaels and her unidentified witnesses were not physicians, her claims that she lost hair because of the severity of stress suffered makes clear this is not a garden variety stress claim as the Court understands that term. Defendants' motion to compel a Dr. Michaels to sign medical releases is **GRANTED**; and it is further ordered that

18. Defendants' request for discovery of workers' compensation, temporary disability, and social security records are **DENIED** without prejudice. If, after deposing Dr. Michaels, Defendants can substantiate this request, Defendants can request permission for limited additional

---

[21] *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 226 (D.N.J. 2000).

[22] (D.E. 41 at 27).

discovery at that time. Dr. Michaels shall produce the authorization for her unemployment insurance records by October 11, 2017; and it is further ordered that

**Defendants' Document Requests**

19. Defendants' informal motion to compel further responses to document requests 40, 41, and 42 is **GRANTED;** and it is further ordered that

20. Defendants' motion to compel Dr. Michaels to produce tax and wage records on the issue of mitigation is **GRANTED**. Dr. Michaels shall produce her tax and wage records showing all employment and earned income; and it is further ordered that

21. Plaintiff's and Defendants' further discovery responses shall be served within 14 days.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/11/2017 10:08:15 AM

Original: Clerk of the Court
Hon. Jose L. Linares, U.S.D.J.
cc: All parties
File