JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908)795-5200
ATTORNEYS FOR DEFENDANTS,
RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY
and BARRY LEVIN, M.D.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JENNIFER MICHAELS, M.D.,<br><br>            Plaintiff,<br><br>vs.<br><br>RUTGERS UNIVERSITY NEW JERSEY MEDICAL SCHOOL and BARRY LEVIN, M.D., individually,<br><br>            Defendants. | Civil Action No.: 2:15-cv-07603-JXN-CLW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT BY DEFENDANTS RUTGERS, THE STATE UNIVERSITY OF NEW JERSEY AND BARRY E. LEVIN, M.D.**

Of Counsel and On the Brief:
    John K. Bennett, Esq.
    Robyn L. Aversa, Esq.
    Linda J. Posluszny, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

FACTS AND PROCEDURAL HISTORY ................................................................... 2

LEGAL ARGUMENT .................................................................................................. 2

POINT I ......................................................................................................................... 2

    THE PARTIES SETTLEMENT SHOULD BE ENFORCED AND THIS ACTION DISMISSED WITH PREJUDICE. ............................................................................... 2

        A.    New Jersey Public Policy Requires Courts To Enforce Settlements Such As The One Memorialized In This Action Whenever Possible. ................................................................................. 2

        B.    The Term Sheet Is A Binding And Enforceable Agreement. ..................... 4

        C.    The Parties Entered Into A Binding Agreement And Plaintiff Must Comply With Its Terms By Executing The Comprehensive Agreement Prepared By Rutgers With "Confidentiality" And "No Rehire" Provisions. ......................................... 6

CONCLUSION .............................................................................................................. 9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

Alexander v. New Jersey DOT,
    2013 U.S. Dist. LEXIS 131991 (D.N.J. 2013) ..................................................................3

Amatuzzo v. Kozmiuk,
    305 N.J. Super. 469 (App. Div. 1997) ...............................................................................3

Ashkenazie v. Trans Union, LLC,
    2021 U.S. Dist. LEXIS 187382 (D.N.J. 2021) ..............................................................2, 6

Bistricer v. Bistricer,
    231 N.J. Super. 143 (Ch. Div. 1987) ........................................................................2, 4, 5

Cintron v. State,
    2011 U.S. Dist. LEXIS 111469 (D.N.J. 2011) ..................................................................6

DaPonte v. Barnegat Twp. Sch. Dist. B.O.E.,
    2014 U.S. Dist. LEXIS 44134 (D.N.J. 2014) ....................................................................8

Hosfeld v. Postal Transp., Inc.,
    2017 U.S. Dist. LEXIS 185091 (D.N.J. 2017) ..................................................................5

Jacob's Limousine Transp., Inc. v. City of Newark,
    688 F. App'x 150 (3d Cir. 2017) ........................................................................................2

JPMorgan Chase Bank, N.A. v. CMA Trading, Inc.,
    2020 U.S. Dist. LEXIS 126408 (D.N.J. 2020) ..................................................................5

JPMorgan Chase Bank, N.A. v. CMA Trading, Inc.,
    2020 U.S. Dist. LEXIS 127533 (D.N.J. July 2, 2020) .......................................................5

Nolan v. Lee Ho,
    120 N.J. 465 (1990) ......................................................................................................2, 3

Pascarella v. Bruck,
    190 N.J. Super. 118 (App. Div. 1983) ...............................................................................3

Peskin v. Peskin,
    271 N.J. Super. 261 (App. Div. 1994) ...............................................................................3

United States ex rel. Pro-Spec Painting v. Parsons Evergreene, LLC,
    2012 U.S. Dist. LEXIS 103457 (D.N.J. 2012) ..................................................................8

Stewart v. Greyhound Lines, Inc.,
    2012 U.S. Dist. LEXIS 461 (D.N.J. 2012) ....................................................................8

United States v. Lightman,
    988 F. Supp. 448 (D.N.J. 1997) ...................................................................................4

Weichert Co. Realtors v. Ryan,
    128 N.J. 427 (1992) .....................................................................................................3

**Statutes**

N.J.S.A. 10:5-12.8(b) ............................................................................................................7

## PRELIMINARY STATEMENT

After more than eight years of extensive pretrial proceedings, this employment action, which was scheduled for trial on December 4, 2023, resolved at a settlement conference with the Court on November 21, 2023. The fact that a settlement was reached was placed on the record and the terms of the settlement were memorialized in a Binding Settlement Term Sheet ("term sheet"), which, pursuant to the Court's February 22, 2024 Text Order, (Doc. 242),[1] is submitted to the Court under seal in support of this motion.

The term sheet set forth the essential terms of the agreement of Plaintiff, Dr. Jennifer Michaels ("Plaintiff"), and Defendant, Rutgers, the State University of New Jersey ("Rutgers") (collectively, the "Parties").[2] The term sheet specifically provided that, among other things, the Parties were <u>required</u> to enter into a comprehensive, long-form settlement agreement and that Agreement would include "Confidentiality" <u>and</u> "No Rehire" terms (<u>See</u> paragraphs 6, 9, and 12 in the term sheet filed under seal as Exhibit B to the Certification of John K. Bennett filed herewith). Further, in executing the term sheet, the Parties acknowledged and agreed that, although the Parties would enter into a comprehensive, long-form settlement agreement, **the term sheet was binding on the Parties** (<u>Id.</u>, paragraph 1)

Counsel for Rutgers prepared the comprehensive Settlement Agreement and Release ("Agreement"), which included "Confidentiality" and "No Rehire" terms and sent it to Plaintiff's counsel for review and execution. In response, Plaintiff proposed changes that essentially removed the "Confidentiality" provision and deleted in its entirety the "No Rehire" provision contrary to

---

[1] "Doc." refers to the Docket Entry on the Court's ECF system.
[2] This action was also brought against Defendant, Barry E. Levin, M.D., individually. While the term sheet (as defined herein) was entered into by and between Dr. Michaels and Rutgers, it included a general release of all claims as to, <u>inter alia</u>, Dr. Levin. Accordingly, the within motion to enforce the settlement is made on behalf of Rutgers and Dr. Levin (collectively, "Defendants").

the obligations created by the term sheet. Plaintiff's counsel confirmed in a subsequent email that Plaintiff refused to agree to "Confidentiality" and "No Rehire" terms despite her express agreement to do so in the term sheet. Plaintiff's counsel further expressed that the Parties were "at an impasse" and that he did not believe an enforceable settlement between the Parties existed. Plaintiff's unreasonable position should not be countenanced by this Court. The Parties have an enforceable settlement and, for the reasons set forth below, this Court should enter an Order enforcing that settlement and requiring Plaintiff to execute the comprehensive Agreement with the "Confidentiality" and "No Rehire" provisions prepared by Rutgers.

## FACTS AND PROCEDURAL HISTORY

Defendants rely upon the facts and procedural background set forth in the Certification of John K. Bennett, Esq. ("Bennett Cert."), which has been filed and served with this memorandum of law in support of the Defendants' motion to enforce the settlement.

## LEGAL ARGUMENT

## POINT I

### THE PARTIES SETTLEMENT SHOULD BE ENFORCED AND THIS ACTION DISMISSED WITH PREJUDICE.

A. **New Jersey Public Policy Requires Courts To Enforce Settlements, Such As The One Memorialized In This Action, Whenever Possible.**

New Jersey's public policy strongly favors the enforcement of settlements. See Nolan v. Lee Ho, 120 N.J. 465, 472 (1990); see also Bistricer v. Bistricer, 231 N.J. Super. 143, 151 (Ch. Div. 1987) ("the policy of our court system is to encourage settlement and that the court **should 'strain' to uphold** such settlements.") (emphasis added); Ashkenazie v. Trans Union, LLC, 2021 U.S. Dist. LEXIS 187382, at *15-16 (D.N.J. 2021) (granting motion to enforce settlement because reneging party's "position violates New Jersey public policy not only by vitiating the agreed-upon

provisions in the parties' settlement but also by undermining public confidence in allowing parties to craft post hoc reasons to abandon agreed-upon settlements.").

Importantly, "[a] settlement agreement between parties in a lawsuit is a contract and, therefore, governed by state contract law." Jacob's Limousine Transp., Inc. v. City of Newark, 688 F. App'x 150, 151 (3d Cir. 2017). Under New Jersey law, which is applicable here, "a settlement between parties to a lawsuit is a contract like any other contract. Peskin v. Peskin, 271 N.J. Super. 261, 275 (App. Div. 1994) (citing Nolan v. Lee Ho, 120 N.J. at 472). A contract is formed where, as here, there is offer and acceptance and terms sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992). The initial burden rests on the party seeking to enforce the settlement—in this case Defendants—to establish the existence of a contract. See Amatuzzo v. Kozmiuk, 305 N.J. Super. 469, 474 (App. Div. 1997).

Once the party establishes the existence of a contract, the burden shifts to the party seeking to negate its enforcement—Dr. Michaels—by establishing the existence of fraud or other compelling circumstances, which Dr. Michaels is not able to do here. Id.; see also Nolan v. Lee Ho, 120 N.J. at 472 (before declining to enforce a settlement agreement, our courts require "clear and convincing proof" that the settlement should not be enforced.). Thus, because there is a clear settlement by the Parties, and Plaintiff cannot demonstrate "fraud or other compelling circumstances," the Court must honor and enforce the terms of the term sheet just the same as it would any other contract. Pascarella v. Bruck, 190 N.J. Super. 118, 126 (App. Div.), certif. denied, 94 N.J. 600 (1983); see also Alexander v. New Jersey DOT, 2013 U.S. Dist. LEXIS 131991, at *13-14 (D.N.J. 2013) (granting motion to enforce settlement noting "the party seeking to set aside

the settlement has the burden of proving 'extraordinary circumstances to vitiate the agreement' by 'clear and convincing evidence.'"

**B.      The Term Sheet Is A Binding And Enforceable Agreement.**

On November 21, 2023, the Parties appeared for a settlement conference with the Court that began at about 11:15 A.M., and continued through about 9:00 P.M. (Bennett Cert., ¶¶ 5-6). The Parties agreed to settle the action and a Binding Settlement Term Sheet memorializing the terms of the agreement was signed by the Parties on November 21, 2023. (Id., ¶¶ 7-19). The term sheet signed by the Parties states that: "The Parties are required to execute a comprehensive settlement agreement and release including the essential terms of the settlement agreement as set forth herein and as may be agreed upon by the parties." (Id., ¶ 18). These terms included, but were not limited to, "Confidentiality" and "No Rehire" provisions that Plaintiff affirmatively stated she would agree to in the long form settlement agreement. (Id., ¶ 17). While the Parties recognized that a comprehensive settlement agreement and release would be executed by the Parties, the Parties also agreed that the "term sheet is binding on the Parties." (Id., ¶¶ 18-21). Further, the fact that a settlement was reached was also placed on the record with the Court. (Id., ¶ 20). Thus, a binding and enforceable contract exists between the parties to settle this action.

New Jersey courts have clearly spoken on circumstances such as those now before the Court, where the parties have manifested their intent to settle, and the essential and material terms of the contract of settlement have been agreed upon even if the mechanics of that settlement are to be "fleshed out" in a more formal writing. See United States v. Lightman, 988 F. Supp. 448, 459 (D.N.J. 1997) (finding that it is sufficient to create a binding settlement contract if the parties initially agree on the essential terms, "even though they contemplate the later execution of a formal document to memorialize their undertaking."); see also Bistricer, 231 N.J. Super. at 145 (settlement was binding where parties orally agreed on essential terms of settlement and terms

4

were sufficiently clear for settlement to be implemented fairly even though parties were unable to reach written agreement to be executed). So long as essential terms are agreed to, the settlement should be enforced:

> [I]t is not necessary for a writing to contain every possible contractual provision to cover every contingency in order to qualify as a completed binding agreement. Some of these issues may be determined by the operation of law, or the parties may resolve such differences by a subsequent agreement or a contract may be silent in those respects. In any event a contract is no less a contract because some preferable clauses may be omitted either deliberately or by neglect. **So long as the basic essentials are sufficiently definite, any gaps left by the parties should not frustrate their intention to be bound.**

Bistricer, 231 N.J. Super. at 148 (emphasis added) (citations omitted); see also JPMorgan Chase Bank, N.A. v. CMA Trading, Inc., 2020 U.S. Dist. LEXIS 127533, at *6-7 (D.N.J. July 2, 2020) (recommending enforcement of settlement because "there is no dispute that the parties entered into an enforceable contract at the January 30, 2020 settlement conference, which was later formalized in writing"), adopted, JPMorgan Chase Bank, N.A. v. CMA Trading, Inc., 2020 U.S. Dist. LEXIS 126408 (D.N.J. 2020); Hosfeld v. Postal Transp., Inc., 2017 U.S. Dist. LEXIS 185091, at *5-6 (D.N.J. 2017) (granting motion to enforce settlement despite subsequent disagreement over terms because "the parties agreed to the essential terms, leaving only the scope of the releases, indemnification, confidentiality, and tax treatment unresolved.").

Here, there can be no reasonable dispute that the Parties' settlement in this matter is enforceable. The Parties executed a term sheet setting forth the essential terms of settlement (acknowledging the same was binding on the Parties), and, through counsel, the Parties acknowledged in open court that this action had been settled. (Id., ¶¶ 17-21). "That alone shows that the [P]arties intended to be bound by their agreed-upon settlement[.]" See Ashkenazie, 2021 U.S. Dist. LEXIS 187382, at *14 (finding that admission in open court that the matter was settled

is further evidence supporting enforcement of settlement). Plaintiff's unilateral post-settlement refusal to implement the terms agreed upon does not invalidate the settlement reached by the Parties. (Bennett Cert., ¶¶ 25-28, 30-35). Plaintiff's mere "second thoughts or regrets about the settlement does not invalidate the agreement she signed" and "are entitled to no weight as against the strong public policy in favor of settlements." Cintron v. State, 2011 U.S. Dist. LEXIS 111469, at *13 (D.N.J. 2011). As such, the Parties' settlement should be enforced.

### C. The Parties Entered Into A Binding Agreement And Plaintiff Must Comply With Its Terms By Executing The Comprehensive Agreement Prepared By Rutgers With "Confidentiality" And "No Rehire" Provisions.

The settlement term sheet entered into by the Parties provided that: "[t]he Parties are required to execute a comprehensive settlement agreement and release including the essential terms of the settlement agreement as set forth herein and as may be agreed upon by the parties." (Bennett Cert., ¶ 18). Further, the term sheet affirmatively stated the parties would agree to "[c]onfidentiality terms" and "[n]o rehire terms," which, to date, Plaintiff has failed to do. (Id., ¶ 17). Accordingly, Defendants respectfully request that this Court enforce the Agreement prepared by Rutgers with the "Confidentiality" and "No Rehire" provisions consistent with the Parties agreement in the term sheet.

During the settlement conference on November 21, 2023, the Parties engaged in extensive discussions regarding the amount and terms of settlement. After several hours, Rutgers believed it had reached a settlement at an amount that the Court had endorsed as being fair. (Id., ¶¶ 6-7). After having a caucus with Plaintiff, Plaintiff's counsel advised that Plaintiff insisted on a substantial additional amount to resolve the matter. (Id., ¶ 8). In response to Plaintiff's increased monetary demand, Rutgers caucused and prepared a written Binding Settlement Term Sheet, that met the increased monetary amount demanded by Plaintiff, and included the other terms of the settlement at that amount. (Id., ¶ 9). Plaintiff's counsel was informed that that Rutgers' authority

6

to increase the settlement amount was expressly in consideration for Plaintiff's agreement to the other terms set forth in that Binding Settlement Term Sheet, which contained "Confidentiality" and "No Rehire" provisions. (Id., ¶¶ 10-16).

On January 12, 2024, a draft Settlement Agreement and Release ("Agreement"), which contained "Confidentiality" and "No Rehire" provisions was sent to Plaintiff's Counsel for review and execution. (Id., ¶¶ 23-24). On January 17, 2024, Plaintiff's counsel returned the Agreement with proposed changes, including the deletion of essentially all of the "Confidentiality" provision and the complete deletion of the "No Rehire" provision. (Id., ¶¶ 25-28). Indeed, Plaintiff's unreasonable position with respect to the "Confidentiality" provision is underscored by the fact that Plaintiff even deleted the language required by the New Jersey Law Against Discrimination. See N.J.S.A. §10:5-12.8(b).

In contrast, Rutgers agreed in good faith to several of Plaintiff's other requested changes. (Id., ¶¶ 29-30). Despite Plaintiff being reminded of her obligations under the term sheet, and that she "cannot now refuse to agree to those terms simply because she wants to be disagreeable, but yet accept payment of Rutgers' settlement money that was expressly conditioned on those and other terms," (Id., ¶¶ 30-31), Plaintiff's counsel stated that "we may be at an impasse" (Id., ¶ 32), without even attempting to negotiate the terms. Indeed, Plaintiff's counsel stated that Plaintiff refuses to agree to any "Confidentiality" or "No Rehire" provisions in the Agreement. (Id., ¶ 33). Plaintiff's striking of essential (and agreed upon) terms is improper. See DaPonte v. Barnegat Twp. Sch. Dist. B.O.E., 2014 U.S. Dist. LEXIS 44134, at *17-18 (D.N.J. 2014) (enforcing the parties' settlement where the defendants "attempted to accommodate [the p]laintiff's reasonable modification requests," and rejecting the plaintiff's attempts to materially change the Agreement

7

holing that the plaintiff's 'buyer's remorse' does not constitute grounds to repudiate the Settlement Agreement.").

Accordingly, Rutgers requests that the Court enforce the settlement so as to include Rutgers' Confidentiality and No-Rehire provisions, and order Plaintiff to execute the Agreement provided by Rutgers, which, pursuant to the Court's February 22, 2024 Text Order, see Docket Entry No. 242, is submitted to the Court under seal as Exhibit F to the Bennett Cert. See United States ex rel. Pro-Spec Painting v. Parsons Evergreene, LLC, 2012 U.S. Dist. LEXIS 103457 (D.N.J. 2012) (granting the defendant's motion to enforce the settlement agreement with the plaintiff, and ordering the plaintiff to execute the settlement and release agreement); see also Stewart v. Greyhound Lines, Inc., 2012 U.S. Dist. LEXIS 461 (D.N.J. 2012) (granting the defendant's motion to enforce the settlement and ordering the plaintiff to "sign and promptly deliver to the [d]efendant the agreement releasing his claims[.]").

## **CONCLUSION**

For the reason set forth above, Defendants respectfully request that the Court enter an Order enforcing the Parties' settlement in this action and requiring Plaintiff to execute the form of Settlement Agreement and Release attached as Exhibit F to the Bennett Cert.

                                      Respectfully submitted,

                                      JACKSON LEWIS P.C.
                                      200 Connell Drive, Suite 2000
                                      Berkeley Heights, New Jersey 07922

                    BY:    <u>s/ John K. Bennett</u>
                                John K. Bennett, Esq.
                                Robyn L. Aversa, Esq.

Dated: February 29, 2024