**CARTUSCIELLO & KOZACHEK, LLC**
101 Farnsworth Avenue, Bordentown, NJ 08505
Phone: 609-324-8200; Fax: 609-324-8201

February 6, 2025

**VIA ECF**

The Honorable Julien X. Neals, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King, Jr. Fed'l Bldg & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:   Jennifer Michaels, M.D. v. Rutgers, the State University of New Jersey, *et al.*
            Civil Action No.: 2:15-cv-07603-JXN-CLW

Dear Judge Neals:

      I write as counsel for Plaintiff Dr. Jennifer Michaels in the above-captioned matter to ask the Court to extend until February 28, 2025 the 45-day deadline established in the Court's Order entered on December 26, 2024. That deadline requires Dr. Michaels either: (i) to "execute the Revised Proposed Agreement submitted under seal as Exhibit 5 to the Cartusciello Certification" (ECF 248-1); or (ii) to "meet, confer, and provide the Court with a final settlement Agreement containing the parties' negotiated terms for the Confidentiality and No Rehire provisions."

      Counsel for Defendants Rutgers and Dr. Barry Levin have advised me that they do not consent to this request. The background facts, including the reasons they have stated for withholding consent, are as follows:

      In an effort to comply with the Court's Order, and to come up with proposed wording for Confidentiality and No Rehire provisions as an alternative to the provisions in Exhibit 5 (on which Rutgers has consistently insisted), I had several telephone conversations with Dr. Michaels, and also met with her twice in person.

      On January 21, 2025, I wrote to Mr. Bennett and Ms. Aversa, asking for dates and times when they would be available to meet and confer "consistent with" the Court's

**CARTUSCIELLO & KOZACHEK, LLC**

Hon. Julien X. Neals,
United States District Judge
February 6, 2025, page 2
_____

"December 26, 2024 Order and Opinion." A copy of my email is contained in the email thread attached hereto as Exhibit 1.

Ms. Aversa responded on January 22, 2025, stating: "[Y]es, we are available," and added that "Defendants' position is set forth in Exhibit 5." She then stated:

> Please let us know what changes you propose that Rutgers may agree with. We can then set up a date and time to discuss.

A copy of Ms. Aversa's January 22, 2025 email is also contained in the email thread attached as Exhibit 1.

Ultimately, I was able to work out with Dr. Michaels the wording of provisions to propose as alternatives to Rutgers' preferred confidentiality and "No Rehire" provisions.

I then sent Ms. Aversa an email on January 31, 2025 with attachments containing Dr. Michaels' proposed alternative provisions, as well as a comparison document. A copy of that email, without the attachments to it, is attached hereto as Exhibit 2. I am prepared to provide to the Court in whatever manner the Court directs those attachments, which contain Dr. Michaels' proposed alternative provisions. I respectfully submit that they demonstrate Dr. Michaels' good faith in attempting to negotiate alternatives to Rutgers' preferred confidentiality and "No Rehire" provisions.

Having not heard back, I wrote to Mr. Bennett and Ms. Aversa today, asking for their consent to my request for an extension of the 45-day deadline in the Court's December 26, 2024 Order. A copy of that email is contained in the email thread attached hereto as Exhibit 3.

In response, Ms Aversa emailed me back, stating Rutgers' refusal to consent and its reasons for that refusal. As its response makes clear, despite having agreed to meet and confer, Rutgers is now refusing to do so. And among those stated reasons, Rutgers has included the following:

> [Y]our belated proposals for re-writing the terms of the Confidentiality and No-Rehire provisions of the Settlement Agreement do not suggest that mutual agreement would be reached if there were an extension of time.

**CARTUSCIELLO & KOZACHEK, LLC**

Hon. Julien X. Neals,
United States District Judge
February 6, 2025, page 3
_____

*See* Email dated February 6, 2025 at 4:46 p.m., from Robyn L. Aversa, Esq. to Neil Cartusciello, Esq., which is also included as part of the email thread attached hereto as Exhibit 3.

    In addition, Ms. Aversa also stated:

> Please also be advised that as of Monday, February 10, 2025, the end of the 45-day period. we will be asking the Court to "enter an Order establishing Exhibit 5 as the terms of settlement," as per the Court's Order filed December 26, 2024.

*See id.*

    I respectfully submit that Ms. Aversa's email confirms the concerns I have raised repeatedly—namely, that Rutgers' objective has never been to negotiate in good faith, but instead to insist on only its own preferred versions of the Confidentiality and No Rehire provisions.

    Accordingly, I respectfully request that the Court extend the 45-day deadline in its December 26, 2024 Order, and direct Defendants to meet and confer in good faith in an effort to find mutually agreeable wording for the Confidentiality and No Rehire provisions.

    Thank you for your consideration.

                                    Respectfully submitted,

                                    <u>s/ Neil Cartusciello</u>
                                    Neil Cartusciello

cc via ECF:
John Bennett, Esq.
Robyn Aversa, Esq.
Linda Posluszny, Esq.