**JacksonLewis**

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights NJ  07922
(908) 795-5200 Direct
(908) 464-2614 Fax
jacksonlewis.com
Jason C. Gavejian – Managing Principal

ROBYN L. AVERSA, ESQ.
Direct Dial: (908) 795-5128
Email: Robyn.Aversa@jacksonlewis.com

March 2, 2025

**VIA ECF**
The Honorable Julien Xavier Neals, U.S.D.J.
United States District Court, District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    Jennifer Michaels v. Rutgers University, et al.
                 Civil Action No.: 2:15-cv-07603 (JXN/CLW)

Dear Judge Neals:

      Defendants Rutgers, the State University and Barry Levin, MD submit this letter in response to Plaintiff's second request to extend the forty-five day meet and confer period set forth in this Court's December 26, 2024 Opinion and Order. Upon Plaintiff's request, the 45-day period already has been extended once by the Court for an additional three weeks, through February 28, 2025. Defendants object to Plaintiff's second request for an extension of the meet and confer period and write to provide the Court with the complete context surrounding the meet and confer process, which, Defendants respectfully submit, when considered, should result in the denial of Plaintiff's request.

      In the Court's December 26, 2024 Opinion deciding Defendants' motion to enforce the settlement, the Court found that Plaintiff terminated discussions concerning the settlement document. The Court also ruled that the Agreement attached as Exhibit 5 to Plaintiff's Counsel's Certification would govern the terms of the settlement but allowed Plaintiff a generous 45-day period to meet and confer to negotiate a mutually agreed upon form of agreement. Instead of engaging in the meet and confer process, Plaintiff chose instead to file a motion for reconsideration, causing Defendants to expend additional resources responding to same. Only after the motion for reconsideration was fully briefed did Plaintiff reach out for the first time on the evening of January 21, 2025 asking to meet and confer. On January 22, 2025, Defendants agreed to meet and confer, but Plaintiff did not provide any proposal to negotiate the agreement until ten days later, on Friday, January 31, 2025 at 8:23 pm, thirty-six days into the meet and confer period.

**JacksonLewis**

The Honorable Julien Xavier Neals, U.S.D.J.
March 2, 2025
Page 2

Because Plaintiff submitted the proposal on a Friday evening, defense counsel did not even have an opportunity to address it with the client until Monday, February 3, 2025. That proposal was far afield from what had been discussed previously, even to the extent of allowing Plaintiff to obtain the relief she had sought in the lawsuit. On February 6, 2025, just three days later, Plaintiff requested her first extension of the meet and confer period due to the time crunch Plaintiff created. Plaintiff's allegations that Defendants did not meet and confer in good faith is inaccurate as Plaintiff fails to acknowledge that Defendants did respond in the February 6, 2025 email to Plaintiff's counsel that the proposal was unacceptable.

Defendants objected to Plaintiff's first extension request, but on February 7, 2025, the Court granted Plaintiff's request and allowed the meet and confer period to continue through February 28, 2025. During this additional period of time, Defendants continued to engage in good faith negotiations with Plaintiff. As Plaintiff's counsel's letter points out, Defendants reviewed Plaintiff's requested changes and submitted a counter proposal on February 14, 2025. Defendants then worked to set up a meet and confer call, which was set up for the first day provided by opposing counsel, February 24, 2025 at 4:00 p.m. The next day, Plaintiff's proposal was taken under consideration and on February 27, 2025, Defendants responded to Plaintiff advising that Plaintiff's requested revisions to the agreement had not changed and, therefore, remained unacceptable. In short, Plaintiff was still insisting upon the same deletions in the affected provisions which, if accepted, would unreasonably limit these standard settlement agreement provisions. Accordingly, Defendants' position is that a further extension of the meet and confer period will serve no purpose, except to provide Plaintiff with an opportunity to attempt to "wear down" Defendants to accept her unreasonable deletions.

Defendants respectfully submit that, to date, the Court has granted Plaintiff a generous period of over two months to meet and confer about the relevant settlement provisions, for a case that was settled fifteen months ago. However, based upon Plaintiff's unreasonable actions in this process - involving two commonplace settlement agreement provisions - Defendants believe that continued negotiations will be futile and suspect that Plaintiff will continue to seek extensions until denied by the Court. Therefore, Defendants respectfully request that the Court deny Plaintiff's second request for an extension of the meet and confer period and enforce the Agreement attached as Exhibit 5 to the Cartusciello Certification, as set forth in the Court's December 26, 2024 Opinion and Order.

Respectfully submitted,

JACKSON LEWIS P.C.

*s/ Robyn L. Aversa*
Robyn L. Aversa

cc:   Neil Cartusciello, Esq. (via ECF)
      John K. Bennett, Esq. and Linda J. Posluszny, Esq. (via ECF)

4935-5202-7683, v. 1